UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY BLASSINGAME, | ) | C/A No.: 4:14-cv-2814-JMC-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| LEROY CARTLEDGE, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Timothy Blassingame (Petitioner), appearing *pro se*, filed his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 14, 2014.

Respondent filed a motion for summary judgment on December 17, 2014, along with

a return and memorandum. (Docs. #19 and #20). The undersigned issued an order

filed December 17, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to respond adequately. (Doc. #22). After granting

Petitioner's motion for an extension of time to file a response, he filed a response on

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC. Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

March 25, 2015. (Doc. #38). Respondent filed a reply on April 6, 2015. (Doc. #39).

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Oconee County.  Petitioner was indicted by the Oconee County Grand Jury during the July 20, 2009, Term of the Oconee County Court of General Sessions for one count of Distribution of Crack Cocaine, Third Offense (2009-GS-37-820).  (App. 843-44).  Petitioner was represented by Scott Spouse, Esquire. (App. 1-231).  The State was represented by Solicitor Christina Adams and Assistant Solicitor Lindsey S. Simmons with the Tenth Judicial Circuit Solicitor's Office.  Id. Petitioner proceeded to trial by jury before the Honorable Alexander S. Macaulay, Circuit Court Judge on October 26-8, 2009.  Id. On October 28, 2009, Petitioner was found guilty of distribution of crack cocaine.  (App. 216-17).  Judge Macaulay sentenced Petitioner to thirty years confinement.  (App. 229).

**Direct Appeal**

On November 5, 2009, Petitioner filed and served a Notice of Appeal. (Attachment No. 2).  In an affidavit dated March 17, 2010, Petitioner requested that his appeal be dismissed.  (Attachment No. 3).  By Order filed April 15, 2010, the South Carolina Court of Appeals dismissed Petitioner's appeal.  (Attachment No. 4). The  Remittitur was issued on May 5, 2010.  (Attachment No. 5).

**PCR**

On April 30, 2010, Petitioner filed an Application for Post-Conviction Relief (2010-CP-37-531), asserting claims of prosecutorial misconduct, illegal use of evidence in violation of chain of custody, Rule 6 and 36; Brady violations; admission of false testimony and bolstering of State's witnesses and vouching for State's witnesses, improper comments; 6th Amendment and due process violations, discrimination of jury venire because his race  was excluded; and what appears to be ineffective assistance of counsel claims for failure to object to untimely witness list, failure to object to preserve for appellate review, failure to object to State's evidence that was not in the record, failure to object to discriminatory jury venire, failure to subpoena witness and enter exculpatory evidence, and failure to investigate case and chain of custody.  (App. 232-58).  On July 20, 2010, Petitioner filed an Amended

(Supplemental) PCR Application Brief. (App. 259-385). In the amended Application, Petitioner asserted trial counsel was ineffective for failing to object to an erroneous jury instruction defining distribution of crack cocaine (app. 262-63), failing to object to the admission of alleged prior bad act evidence (app. 264), in failing to object to violations of the chain of custody of some evidence (app. 265-91), failing to move for a directed verdict for inadmissibility of evidence and a broken chain of custody (app. 292), failing to object to prosecutorial misconduct, and for allowing the knowing use of false, misleading, bolstering testimony. (App. 305-15).        Petitioner also alleged the prosecutor went beyond the evidence in presenting its closing argument (app. 316-19) and that the comments affected the judgment of the jury. (App. 320-26). Petitioner further argued that trial counsel was ineffective for failing to object to prosecutorial misconduct in the form of improper vouching of a witness' credibility during closing argument (app. 327-55) and for failing to adequately investigate and introduce into evidence records that would demonstrate Petitioner's factual innocence. (App. 356-71). Petitioner also contended there was a jury venire violation in that his jury was not drawn from a fair cross-section of his community. (App. 372-74). Petitioner also argued trial counsel was ineffective for not objecting to Rule 5 and Brady violations because the witness list was not provided until the day of trial (app. 375-76) and in failing to object to erroneous improper jury instructions that were

4

charged to the jury twice. (App. 377-85).

On August 3, 2010, Petitioner filed another Amended (Supplemental) PCR Application Brief in which he contended trial counsel was ineffective in not investigating the indictment and in not making any motions during the trial to challenge the sufficiency of the indictment. (App. 386). The State served its Return on August 4, 2010. (App. 387-92).

On August 20, 2010, Petitioner filed another Amended (Supplemental) PCR Application, amending his ineffective assistance of trial counsel claim to include as follows:

(1)    failure to suppress chain of custody;
(2)    Failure to object to "illegal use of evidence," violation of chain of custody Rule 6 and 36
(3)    Failure to motion for direct verdict for inadmissibility of evidence and a broken chain of custody;
(4)    Failure to object to false testimony and bolstering of State's witness;
(5)    Failure to object to "improper comment during closing argument;"


On August 20, 2010, Petitioner filed another Amended (Supplemental) PCR Application, amending his ineffective assistance of trial counsel claim to include as follows:

(1)    Failure to suppress chain of custody;
(2)    Failure to object to "illegal use of evidence," violation of chain of custody Rule 6 and 36
(3)    Failure to motion for direct verdict for inadmissibility of evidence and a broken  chain of custody;

    (4)    Failure to object to false testimony and bolstering of State's witness;

    (5)    Failure to object to "improper comment during closing argument;"

    (6)    Failure to object to "vouching for State's witness during closing argument;"

    (7)    "Failure to motion for direct verdict or mistrial on the vouching, false testimony, improper comments."

(App. 393-404).

On October 14, 2010, Petitioner filed yet another Amended (Supplemental) PCR Application Brief in which it appears he reasserted claims that were already made, but provided further documentation and the trial transcript to support his claims. (App. 405-687). On December 17, 2010, Petitioner filed another Amended (Supplemental) PCR Application Brief in which he amended his assertion of prosecutorial misconduct and due process violation to assert the prosecutor denied Petitioner's right under the Fourteenth Amendment to challenge relevant portions of his grand jury proceeding. (App. 688). On February 23, 2011, Petitioner filed another Amended (Supplemental) PCR Application Brief, contending there was prosecutorial misconduct due to an improper comment by the solicitor and there was a conflict of interest as evidenced by trial counsel's failure to subpoena witnesses and enter exculpatory evidence. (App. 689-90). On February 25, 2011, Petitioner filed another Amended (Supplemental) PCR Application Brief in which he added assertions that trial counsel was ineffective in failing to enter favorable impeaching evidence and in

failing to investigate favorable impeaching evidence. (App. 691). An evidentiary hearing in this action was held on March 14, 2011, before the Honorable R. Lawton McIntosh, Circuit Court Judge. (App. 692-825). Petitioner was present and was represented by Keith Denny, Esquire. <u>Id</u>. The State was represented by Assistant Attorney General Mary S. Williams. <u>Id</u>. On May 26, 2011, the PCR Court filed its Order of Dismissal. (App. 826-35).

On June 3, 2011, Petitioner filed a Notice of Motion and Motion for Reconsideration. (App. 837-40). In the Motion, Petitioner argued that the trial counsel did not provide an adequate reason for not objecting to comments made by the solicitor, and that the testimony at the PCR hearing did not support the PCR Court's findings regarding the failure to present James Walker's written statement and the failure to call additional witnesses claims. <u>Id</u>. By Order filed July 14, 2011, the PCR Court denied the Motion for Reconsideration. <u>Id</u>.

## PCR Appeal

Petitioner timely served and filed a Notice of Appeal on July 1, 2011. (Attachment No. 6). On appeal, Petitioner was represented by Susan Hackett, Appellate Defender with the Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 7). Petitioner's appeal to the denial of relief from the

7

PCR Court was perfected with the filing of a Petition for Writ of Certiorari. (Attachment No. 7). In the Petition, Petitioner raised four arguments. First, he contended the PCR court erred in holding that trial counsel's failure to introduce into evidence a statement by Walker, in which he admitted Petitioner did not sell him drugs, was not ineffective assistance of counsel because Walker's credibility was the key issue at trial as he provided the prosecution with the only evidence against Petitioner. Second, Petitioner argued the PCR court erred in determining trial counsel provided effective assistance where trial counsel failed to call witnesses to testify who would have refuted the prosecutor's key witness that he felt his life was in danger when he signed a statement recanting his statement to law enforcement. Third, he alleged the PCR court erred in determining the prosecutor did not improperly bolster a key prosecutorial witness when her closing argument claimed the witness was credible because he did not hide the drug buy money despite the ability and opportunity to do so, but no evidence in the record supported this assertion. Fourth, Petitioner claimed the PCR court erred in determining trial counsel rendered effective assistance by failing to object to the prosecutor eliciting known false testimony from two witnesses, one of whom provided the only direct evidence against Petitioner.

The State filed a Return to the Petition for Writ of Certiorari. (Attachment No. 9). By Order filed September 18, 2013, the South Carolina Supreme Court denied

the Petition for Writ of Certiorari. (Attachment No. 10). The Remittitur was issued

on October 7, 2013. (Attachment No. 11).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:   Prosecutorial   Misconduct   (Due Process) –
              Admission of False testimony (Failure to correct by
              the solicitor)

Supporting Facts:
  1.   Solicitor called to testify for the State one (Sgt. Crum) in reference
       to the audio/video of the alleged "transaction evidence" at trial.
  2.   Through Sgt. Crum's testimony of the audio portion, it was
       supposed to verify when the actual transaction took place.
  3.   The video portion provided no concrete evidence whatsoever.
  4.   The audio portion should have done the same. (See memorandum)

GROUND TWO:  Prosecutorial   misconduct   –   vouching for the
             credibility of State's main witness' testimony.

Supporting facts:
  1.   State's witness (as a confidential drug informant) was vouchered
       "forty dollars" for a purchase by law enforcement officials.
  2.   Forty dollars was returned by the informant when "no transaction
       transpired.
  3.   During closing arguments solicitor stated that this act constituted
       reason for jury to believe witness "entire testimony."

GROUND THREE:      Prosecutorial misconduct (misrepresentation)
                   – improper presentation of the state's
                   evidence. Due process violation

Supporting facts:

1.  During the trial the State presented the "audio tape" as evidence to validate a drug transaction.
2.  During closing argument the solicitor emphatically asserted that a segment of the tape substantiated the fact that a distribution of drugs took place.
3.  PCR evidence presentation states otherwise (See memorandum).

GROUND FOUR:        Ineffective assistance of counsel–failure to preserve false testimony issue for appellate review.

Supporting facts:

1.  In accordance with "ground one" of this petition, the solicitor committed (created)  a misconduct issue with the "evidentiary testimony" of one of the State's witnesses.
2.  Counsel only briefly addressed the issue on cross-examination, and  moved forward to the next issue, without properly securing the actual mitigating circumstance(s) of an unclear "audio playback" and testimony.  (See memorandum)

GROUND FIVE:        Ineffective assistance of counsel–failure to preserve "bolstering issue" (Pros. Mis.) for appellate review.

Supporting facts:

1.  Please see Ground Two for "surrounding circumstances."
2.  When trial counsel was challenged with this issue at the PCR hearing.  Counsels' explanation for failing to object and preserve the issue was that he felt that no unethical violation took place on the prosecutor's part.  And that
3.  It's the prosecutor's job to do so."  (See memorandum)

GROUND SIX:        Ineffective Assistance (misrepresentation) of Trial Counsel–Failure Failure to preserve improper presentation of the state's evidence

Supporting facts:

    1.    During the course of both the trial and jury deliberation the "audio tape" was played several times to establish the state's allegation that drugs were given to the confidential informant.

    2.    However, (and most important) the jury was "never" able to arrive at that conclusion. Counsel neither challenged this fact, nor preserve the issue for review. (See memorandum)

    GROUND SEVEN:    Ineffective assistance of trial counsel–failure to properly investigate and present mitigating circumstances (witnesses)

Supporting facts:

    1.    Entered in PCR Final Order as "Failure to enter exculpatory evidence"

    2.    State's "key witness" wrote a statement exonerating the Petitioner

    3.    Key witness testified "statement was written under duress" while detained in detention center with the Petitioner. Also complained to jail officials that there were no documentation of any complaints.

    4.    Major testified at the PCR to the contrary (See memorandum)

    GROUND EIGHT:    Ineffective assistance of trial counsel–Failure to object to erroneous jury instruction defining distribution

Supporting facts:

    1.    Petitioner was charged (and tried) for "distribution of crack cocaine."

    2.    During the course of jury instruction the trial judge defined distribution as the attempt to exchange or deliver drugs.

    3.    Statutes and case law say otherwise (See memorandum)

    4.    Counsel should have established same for appellate review.

(Petition).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing

12

evidence." 28 U.S.C. § 2254(e)(1).


## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

13

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

### Grounds One, Two, Three and Eight

Respondent asserts that Grounds One, Two, Three, and Eight are procedurally barred because, even though raised at PCR, they were not ruled upon by the PCR

14

court. Petitioner filed a response asserting the procedural defaults are excusable due to ineffective assistance of PCR counsel relying on the Supreme Court decision in Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, 182 L.Ed. 2d 272 (2012) .

Grounds One, Two, Three and Eight were raised at PCR, but the PCR court did not make a ruling. Petitioner failed to request a ruling pursuant to Rule 59(e), SCRCP.[2] Failure to do so results in a procedural bar. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C.2007).[3] Therefore, these claims are procedurally barred from review in federal habeas corpus. See Plyler v. State, 309 S.C. 408, 424 S.E.2d 477, 478 (S.C.1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim.

To the extent Petitioner claims that Martinez v. Ryan, ––– U.S. ––––, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) allows him to overcome his procedural default, the

---

[2] To avoid application of procedural bar to an issue raised but not ruled on by the PCR court as required by S.C. Code Ann. 17-27-80, a motion to alter or amend pursuant to Rule 59(e), SCRCP, must be made.

[3] In *Bostic v. Stevenson,* 589 F.3d 160, 162–65 (4th Cir.2009), the Fourth Circuit held that, prior to the decision of the South Carolina Supreme Court in *Marlar*, that South Carolina courts had not consistently enforced a procedural bar based on the PCR applicant's failure to file a motion pursuant to Rule 59(e). Therefore, for matters in which the PCR court ruled prior to *Marlar* (i.e., November 5, 2007), this Court should not consider the failure of the applicant to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar. *See Mendenhall v. Cohen* 2011 WL 1119178 (D.S.C. 2011).

15

claim fails. In <u>Martinez</u>, the Supreme Court established a "limited qualification" to the rule in <u>Coleman v. Thompson</u>, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. <u>Martinez</u>, 132 S.Ct. at 1319. The <u>Martinez</u> Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Id</u>. at 1315. In describing its holding in <u>Martinez</u>, the Supreme Court has recently stated that

> [w]e ... read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

<u>Trevino v. Thaler</u>, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) *(citing <u>Martinez</u>*, 132 S.Ct. at 1318–19, 1320–21); <u>see also</u> <u>Sexton v. Cozner</u>, 679 F.3d 1150, 1159 (9th Cir.2012) (summarizing the <u>Martinez</u> test to require the following: "a reviewing court must determine whether the petitioner's attorney in the

first collateral proceeding was ineffective under <u>Strickland</u>, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

In Grounds One, Two, and Three, Petitioner alleges some form of prosecutorial misconduct. Therefore, <u>Maritnez</u> would not be applicable because it applies to underlying claims of ineffective assistance of trial counsel not prosecutorial misconduct.

In Ground Eight, Petitioner alleges trial counsel was ineffective in failing to object to an allegedly erroneous instruction defining distribution. The claim was not ruled upon by the PCR court and not preserved for appellate review making it procedurally barred from habeas review. Again, Petitioner argues in his response that the default is excused under <u>Martinez</u>. Therefore, to excuse the failure to file a Rule 59(e) motion when the claim was not ruled upon by the PCR court, Petitioner must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." <u>Sexton</u>, 679 F.3d at 1157; <u>see also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the <u>Strickland</u> test provides sufficient guidance for resolving virtually

17

all ineffective assistance-of-counsel claims"); <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Applying <u>Martinez</u> to the record and Petitioner's claim, Petitioner cannot make out a claim of ineffectiveness of PCR counsel. To provide context to the instruction defining distribution given by the trial court to which Petitioner is objecting, the relevant portion of the jury instruction is set forth as follows.

> To prove a charge of distribution of crack cocaine the State must prove beyond a reasonable doubt that the defendant distributed crack cocaine. Distribute means to deliver or to actually constructively or attempt to transfer a drug other than by administering or dispensing by a prescription. Delivery means to actually or constructively attempt to transfer a drug. Transfer can involve an exchange for money, a barter, or a gift. There does not have to be anything given in exchange for the drug to constitute distribution.

(App. 192).

Pursuant to S.C. Code Ann. §44-53-110, "distribute" means to deliver (other

than by administering or dispensing) a controlled substance. "Deliver" or "delivery" means the actual, constructive, or attempted transfer of a controlled drug or paraphernalia whether or not there exists an agency relationship. Therefore the jury instruction given by the trial court with regard to the definition of distribution is consistent with S.C. Code Ann. §44-53-110. Based upon state law, any objection by trial counsel would have lacked merit so that trial counsel was not ineffective in failing to object to this instruction. Thus, Petitioner has failed to show that PCR counsel's representation during the PCR proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. Sexton v. Cozner, supra.

Accordingly, it is recommended that Grounds One, Two, Three, and Eight be dismissed as procedurally barred from federal habeas review.

Grounds Four, Five, Six, and Seven

The remaining grounds allege a claim of ineffective assistance of trial counsel. The law with respect to these issues are set forth below with subsequent discussion of each ground individually.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688.

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) (quoting <u>Strickland</u>, <u>reversed on other grounds</u>, 476 U.S. 28 (1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal.  <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance.  (Emphasis added.)

<u>Id.</u>; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the <u>Strickland</u> analysis).

<u>Grounds Four and Six</u>

As Grounds Four and Six pertain to the same underlying claim,  they will be discussed together. In Ground Four, Petitioner argues that trial counsel was ineffective

for failing to preserve "false testimony issue for appellate review." Specifically, Petitioner alleges trial counsel was ineffective for failing to object to the false testimony by Sergeant Crum about when the transaction that was the basis of Petitioner's conviction occurred, on the audio tape between the informant and Petitioner. In Ground Six, Petitioner argues trial counsel was ineffective for failing to preserve an improper presentation of the state's evidence that he believes was false testimony. Specifically, Petitioner argues counsel failed to object to false testimony by Officer Crum as to the audio tape which was played multiple times to the jury, thus failing to preserve the issue for appellate review. Respondent asserts that Petitioner has failed to show the PCR court made an unreasonable determination of the facts or unreasonably applied federal law in denying this claim.

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal. At the PCR hearing, Petitioner testified that trial counsel failed to object to to Sgt. Crum's testimony that the informant said "thank you, thank you, I appreciate that," showing that the transfer of crack cocaine had taken place because the testimony was not accurate. Trial counsel testified as follows:

> And I realize there's testimony today about the audiotape. But there was no, thank you very much, or, I appreciate it, statement which I pointed that out to the jury in my closing argument. I did not consider that prosecutorial misconduct.

22

> I considered that the State not having their case together
> and the officers were confused as to what actually
> happened. And the jury heard that audiotape a number of
> times, and they saw the videotape a number of times. This
> was a distribution by drugs on video. You could tell—he
> said something to the effect, I love you, man, or something
> to the effect on the audio. And that's when the State was
> claiming that the crack cocaine was transferred. Our
> argument was he could have gotten it at the apartment
> complex when he made the contact with the other people.
> But Officer Crumb was cross-examined on the issue of that.
> He also was cross-examined on the credibility of Mr.
> Walker.

(Tr. 771).

Trial counsel testified that he did not object to Sergeant Crumb's testimony

because he believed it to be a factual dispute and it undermined the credibility of the

witness when he testified to something that the audio clearly shows is inaccurate.

Further, counsel testified that he brought this point up at closing that the audio was

played three or four times for the jury and they asked to hear it again. (Tr. 780).

Counsel stated that the audio was evidence to impeach what Sgt. Crumb testified

about and that he challenged the testimony but did not object because the officer was

not there to prove the audio but "to prove what happened and he's got a massive

problem with his testimony." (Tr. 782).

The PCR court held as follows with regard to this issue:

> Applicant also argues that Counsel should have objected to
> testimony by Officer Crum that Walker said "thank you,

23

thank you, I appreciate that," because the testimony was not accurate. Counsel stated that this statement was not grounds for an objection but provided fodder for an argument on credibility. Counsel pointed out the inconsistency in his closing argument. (Tr. p. 165, lines 2-8.) Applicant also points to testimony by Walker about what was said on the video. (See for example Tr. p. 92, lines 16-17). Counsel felt that any discrepancies between the testimony and the actual tape were factual disputes, and he used the audio tape as impeachment. The tape was played for the jury multiple times. I find Counsel's performance well within reasonable professional norms in this regard.

(Tr. 834-835).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. During the closing, trial counsel stated " [w]e heard testimony yesterday that officer Crum was unable to listen to the audio and determine the exact time that the alleged transaction took place and then he—he said because he put that on his field report. But then he said, well, after listening to it later, there was the statement, thank you very much, I appreciate it." (Tr. 628-629). Trial counsel then stated "You just listen to it. That's nowhere on the

24

audio. There is nothing on that audio other than him telling him, I love you, man." (Tr. 629). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Grounds Four and Six.

Ground Five

In Ground Five, Petitioner argues that trial counsel was ineffective for failing to object to improper bolstering by the solicitor of confidential informant James Walker's credibility. Respondent asserts that PCR court's ruling was reasonable.

To provide context to the statement Petitioner is objecting to as vouching, the relevant portion of the Solicitor's statements in closing argument was as follows:

> We'll start with Sergeant Crum's testimony. He told you that he's been working in narcotics approximately five years. He has used James Willie Walker somewhere between 30 and 40 times. He's given him reliable information, he's been trustworthy, he hasn't had any problems out of him. James Willie Walker has a record, but Sergeant Crum is a police officer and he has had reasonable dealing with him and has gotten reliable information.

(Tr. 163-164).

> . . . To me there's one telling thing about Mr. Walker. He sat up here and told you, I have a record, I've done all these things. I've taken responsibility for them. He didn't try to

lie. Had he said I – you know, he's not an upstanding member of the community.

But look at one thing he did. He was hard up for money, he told you that. He had a new baby, he didn't have a job, he was working drug deals for the city to make money. He needed cash. When this drug deal went down, he got the drugs for free. What did he do with the $40 that he was supposed to use for that drug deal?

He didn't stash it in his underwear. He didn't shove it in his sock. He gave it back to Sergeant Crum. He said, hey, man, he gave it to me for free? If James Willie Walker was a liar, he would have shoved that 40 bucks somewhere where they could have never found it because he needed money. That speaks volumes that he has told the truth throughout this whole process.

(Tr. 165-166).

The PCR court held the following with respect to this issue:

Applicant asserts that Counsel failed to object to comments by the solicitor at trial. Applicant specifically points to the solicitor's arguments at p. 156, lines 2-8 and at p. 158 where the solicitor argues regarding confidential informant James Walker's ("Walker") credibility. Applicant argues that these passages constitute improper vouching. "A solicitor's argument based on the record and its reasonable inferences is not error." State v. Caldwell, 300 S.C. 494, 505, 388 S.E.2d 816, 822 (1990). "A solicitor may not vouch for the credibility of a State's witness based on personal knowledge or other information outside the record." Matthews v. State, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002). Counsel stated that he did not believe that the solicitor's comments constituted improper vouching and were not objectionable. I agree. I find that the solicitor did not vouch in this matter but based her closing

26

comments upon evidence in the record or inferences reasonably arising from that evidence. For example but not exclusively, I refer to Officer Crum's testimony found at pages 54, 55. 57. 59. 60. 63, 66, 67, 74, 75, and 83, also Mr. Walker's testimony found at pages 87, 88, 89, 92, 98, 101, and 102. Therefore, I find Counsel's performance well within reasonable professional norms in this regard. Moreover, any objection would have been fruitless.

(Tr. 830-831).

"Vouching generally occurs when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of the witness." United States v. Johnson, 587 F.3d 625, 632 (4th Cir.2009) (citation and quotation marks omitted). "The rule against vouching exists because 'the prosecution's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.' " Id. (quoting United States v. Young, 470 U.S. 1, 18–19, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). See Young, 470 U.S. at 18–19; Johnson, 587 F.3d at 632; State v. Raffaldt, 318 S.C. 110, 456 S.E.2d 390, 393 (S.C.1995) ("The solicitor has the right to give his version of the testimony and to comment on the weight to be given to the testimony of the defense witnesses. Therefore, although the State cannot 'pit' witnesses during questioning, it may comment on the credibility of the witnesses in argument."). Counsel may address the credibility of witnesses given the evidence in the case. Matthews v. State, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002) ("A

solicitor may argue the credibility of the State's witnesses if the argument is based on the record and its reasonable inferences.").

In this case, Petitioner cannot show that counsel's failure to object to the statements was error, much less that it was objectively unreasonable such that it rendered his performance deficient. Petitioner has failed to demonstrate that the PCR court erred in determining that trial counsel was not deficient in failing to object to the challenged statement and has failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had objected to the comments. Strickland, 466 U.S. at 687, 694. The findings made by the PCR court are entitled to deference and Petitioner has failed to point to sufficient evidence to overcome that deference.

Accordingly, the PCR court's finding of a lack of error in or prejudice resulting from trial counsel's decision not to object to the solicitor's closing argument and her comments about the credibility of a witness is not contrary to, nor does it involve an unreasonable application of, clearly established Federal law; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); Williams, 529 U.S. at 398. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Five.

Ground Seven

In Ground Seven, Petitioner alleges ineffective assistance of trial counsel for failing to properly investigate and present mitigating circumstances/witnesses. Specifically, Petitioner argues that trial counsel should have presented a written statement written by the informant, James Walker, in which Walker asserted Petitioner was not the person that he received the crack cocaine from.

The PCR court held the following with regard to this issue:

> Applicant asserts that Counsel erred in failing to enter the written statement of confidential informant James Walker ("Walker") into evidence. Walker, Applicant's cousin, testified at trial that Applicant gave him crack cocaine. Walker stated that, while they were in prison together, Applicant had asked him to write a statement denying that Applicant was the person he had received crack cocaine from. (Tr. p. 95, lines 3-20). At trial, Walker disavowed the written statement and affirmed his trial testimony. (Tr. p. 95, line 21-P. 96, line 10; p. 105, lines 11-19). Counsel cross-examined Walker on the subject. (Tr. p. 101-103). Counsel testified at PCR hearing that he placed Walker's statement on an overhead projector so that the jury could see the document during his cross-examination. Counsel stated that the solicitor did not object to the statement for some minutes. Counsel stated that he chose not to enter the statement into evidence so as not to lose last argument, especially since the jury had seen the statement while it was displayed.
>
> I find Counsel's performance to be well within professional norms. Counsel articulated a valid reason for choosing not to place the statement into evidence. See for example Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992)

29

(where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel). Moreover, any failure in this regard was harmless inasmuch as the jury saw the document and Walker testified to recanting his statement had his reasons for doing so.

(Tr. 832-833).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The PCR court found that trial counsel made a strategic decision. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991). Therefore, it is recommended that summary judgment be granted for Respondent with regard to Ground Seven.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be

dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary

judgment (Doc. #20) be granted and the petition be dismissed without an evidentiary

hearing.


                                                  Respectfully submitted,


                                                  s/Thomas E. Rogers, III
May 20, 2015                                      Thomas E. Rogers, III
Florence, South Carolina                          United States Magistrate Judge


**The parties' attention is directed to the important information on the attached
notice**.