# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Timothy Blassingame, ) | |
| ) | Civil Action No. 4:14-cv-02814-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Leroy Cartledge, Warden ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 41), filed on May 20, 2015, recommending that Respondent's Motion for Summary Judgment (ECF No. 20) be granted and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed without an evidentiary hearing. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation (the "Objection"). (ECF No. 43.) For the reasons set forth below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 20) and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) without an evidentiary hearing.

## I. JURISDICTION

    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is in custody of a state court in violation of the Constitution, laws, or treaties of the United States.

## II. FACTUAL AND PROCEDURAL BACKGROUND

    The Report contains a thorough recitation of the relevant factual and procedural background of the matter. (*See* ECF No. 41 at 2–9.) The court concludes upon its own careful

1

review of the record that the Report's factual and procedural summation is accurate, and the court adopts this summary as its own.

### III. LEGAL STANDARD

*A. The Magistrate Judge's Report and Recommendation*

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The court reviews de novo only those portions of a Magistrate Judge's recommendation to which specific objections are filed. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). She reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Id*. The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*B. Relief under 28 U.S.C. § 2254*

The Antiterrorism and Effective Death Penalty Act of 1996, as codified in 28 U.S.C. § 2254, governs Petitioner's federal habeas claims. Petitioners seeking relief pursuant to § 2254 usually must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). Federal courts may not thereafter grant habeas corpus relief unless the underlying state adjudication comports with § 2254(d), which provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was *contrary to, or involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) *resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding*.

§ 2254(d) (emphasis added).

A state court's decision is contrary to clearly established federal law when it "applies a rule that contradicts the governing law set forth" by the United States Supreme Court or confronts facts essentially indistinguishable from a prior Supreme Court decision and "nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). In contrast, a state court's decision involves an "unreasonable application" of "clearly established" federal law 1) "if the state court identifies the correct governing legal rule from this [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or 2) "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

In line with *Williams*, the Fourth Circuit has noted that an "unreasonable application" is not necessarily an "incorrect application" of federal law, explaining that "an incorrect application of federal law is not, in all instances, objectively unreasonable." *Humphries v. Ozmint*, 397 F.3d 206, 216 (4th Cir. 2005) (citing *Williams*, 529 U.S. at 413). Thus, to grant a habeas petition, a federal court must determine that the state courts' adjudication of a petitioner's claims was "not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004).

In making this determination, a federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998). And a Petitioner who brings a habeas petition in federal court must

3

rebut facts relied upon by the state court with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))).

### C. *Procedural Bar of Claims for Federal Review*

Federal courts are generally precluded from considering constitutional claims that have been bypassed on procedural grounds in earlier state proceedings. *Smith v. Murray*, 477 U.S. 527, 533 (1986). For a federal court to be justified in ignoring a state procedural bar, one is required to show 1) cause for his failure to raise the claim in the state courts, and 2) actual prejudice resulting from the failure. *See id.* (quoting *Wainwright v. Sykes*, 433 U.S. at 84 (1977)); *see also Reed v. Ross*, 468 U.S. 1, 10–11 (1984) (noting that state procedural bars promote "the finality of [judicial] decisions"). Alternatively, a petitioner can demonstrate that a federal court's failure to consider the claims, regardless of their procedural bar, would result in a "fundamental miscarriage of justice." *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." (citing *Wainwright* 433 U.S. at 91)).

Furthermore, attorney error does not qualify as such "cause" under this analysis unless it also can be shown that the error qualifies as "ineffective assistance of counsel" in violation of the Sixth Amendment. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A defendant demonstrates ineffective assistance of counsel when he shows not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

4

## IV. ANALYSIS

*A. Report and Recommendation Summary*

The Report addresses the following of Petitioner's habeas allegations, quoted verbatim:

Ground One: Prosecutorial Misconduct (Due Process) – Admission of False testimony (Failure to correct by the solicitor)

Ground Two: Prosecutorial misconduct – vouching for the credibility of State's main witness' testimony.

Ground Three: Prosecutorial misconduct (misrepresentation) – improper presentation of the state's evidence. Due process violation

Ground Four: Ineffective assistance of counsel – failure to preserve false testimony issue for appellate review.

Ground Five: Ineffective assistance of counsel – failure to preserve "bolstering issue" (Pros. Mis.) for appellate review.

Ground Six: Ineffective Assistance (misrepresentation) of Trial Counsel – Failure to preserve improper representation of the state's evidence

Ground Seven: Ineffective assistance of trial counsel – failure to properly investigate and present mitigating circumstances (witnesses)

Ground Eight: Ineffective assistance of trial counsel – Failure to object to erroneous jury instruction defining distribution

(ECF No. 1 (excluding "supporting facts").)

In considering these allegations, the Magistrate Judge held that Grounds One, Two, Three, and Eight were procedurally barred because, even though they were raised at post-conviction relief ("PCR"), the PCR court did not rule upon them. (ECF No. 41 at 15.) Petitioner thereafter failed to request a ruling on the issues, as required under South Carolina state law to preserve these issues for review. *Id.* (citing *Marlar v. State*, 375 S.C. 407 (S.C. 2007)). The Magistrate Judge accordingly concluded that this failure precludes their federal habeas review. *Id.*

5

The Magistrate Judge further concluded that Petitioner could not rely on *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) to overcome this procedural default for Grounds One, Two, and Three because *Martinez* applies only to claims of ineffective assistance of trial counsel, not prosecutorial misconduct. *Id.* at 17–19. As for Petitioner's actual ineffective assistance claim (Ground Eight), the Magistrate Judge explained that Petitioner failed to fulfill *Martinez*'s requirements to overcome the procedural bar. *Id.*

The Magistrate Judge then appropriately evaluated the state court's application of *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's claim of ineffective assistance of trial counsel in support of Grounds Four, Five, Six, and Seven of his habeas petition. (ECF No. 41 at 19–30.) Under *Strickland*, Petitioner needed to have shown not only that counsel's performance was deficient under an objective reasonableness standard, but also that this deficiency prejudiced his defense. *Strickland*, 466 U.S. at 668, 687, 694.

Citing relevant portions of the record below, the Magistrate Judge concluded that the state court reasonably concluded that Petitioner's claims failed under *Strickland*—that is, the state court's application of *Strickland*, as clearly established federal law, was not objectively unreasonable under § 2254(d) such that Petitioner's habeas petition should be granted. (ECF No. 41 at 24.) Petitioner furthermore failed to show that the state's court's rejection of his claim resulted in a decision that was based on an unreasonable determination of the facts under § 2254(d). *Id.*

B. *The Court's Review of Petitioner's Objections*

After a thorough review of the Report and the record in this case, this court determines that Petitioner's objections, as identified and discussed below, fail.

*1. Ineffective Assistance of Counsel Claims under 28 U.S.C. § 2254*

Petitioner asserts that the Report "does not fairly assess the cognizable basis of Ground Seven, § 2254." (ECF No. 43 at 4.) Ground Seven of Petitioner's habeas petition alleges ineffective assistance of trial counsel for failing to properly investigate and present mitigating circumstances or witnesses. (ECF No 1.) And the petition directly states as supporting facts for the ineffective assistance of counsel claim that it was "entered in PCR final order as 'failure to enter exculpatory evidence'" and that the "state's 'key witness' wrote a statement exonerating the Petitioner." (*Id.* at 12(d).) The Report consequently characterizes Petitioner's specific argument under Ground Seven as this: "[T]rial counsel should have presented a written statement written by the [exculpatory] informant." (ECF No. 41 at 29.)

Petitioner, however, argues that the Report "mischaracterize[es]" his ineffective assistance of counsel claim and that this "should convince this court not to adopt the Report." (ECF No. 43 at 3.) This argument fails because the petition clearly states the failure to provide the informant's written statement as direct support for his ineffective assistance of counsel claim. This court therefore cannot recognize the argument that the Report mischaracterizes Petitioner's § 2254 claim, much less that the mischaracterization results in a Report that does not "fairly assess the cognizable basis" of this particular § 2254 claim.

Yet, Petitioner appears to argue that by focusing on the specific issue of counsel's failure to present exculpatory evidence in the form of a written statement, the Report fails to address Petitioner's more general ineffective assistance claim that the trial counsel should have investigated the potentially exculpatory witnesses and evidence. To the extent that this is the "mischaracterization" to which Petitioner refers, it does not amount to a major difference under the *Strickland* standard or, more pertinently, the state PCR court's application thereof. Specifically, Petitioner does not make clear what a "proper[] investigat[ion]," (*See* ECF No. 43

7

at 2), would have revealed that the trial testimony regarding the exculpatory evidence did not already address. (*See* ECF No. 19-6, 24–29, 56 lines 10–12) (iterating trial counsel's testimony for why he did not investigate certain witnesses or potential evidence).)

And in this regard, *Strickland* is instructive: "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In this case, trial counsel articulated a valid reason for not investigating certain evidence. (ECF No. 19-6, 24–29, 56 lines 10–12). Thus, the PCR court's ultimate conclusion that counsel was "well within professional norms" under *Strickland* was not objectively unreasonable or an unreasonable determination of the facts under § 2254(d) such that Petitioner's habeas petition should be granted.

This court similarly rejects Petitioner's argument (1(b)) that the Report failed to address Petitioner's documentary support that his exculpatory witnesses were credible. A federal court is limited in its review of such credibility determinations by a state court—under § 2254, "federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir.2008) (quoting *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983)).

Even if this court disagreed with the state court's credibility determinations, as Petitioner urges the court to do in this case, that still would be insufficient to overcome the "deferential standard of review, especially of a state court's credibility findings." *Merzbacher v. Shearin*, 706 F.3d 356, 364 (4th Cir.) *cert. denied*, 134 S. Ct. 71 (2013) *reh'g denied*, 134 S. Ct. 725 (2013). "'A federal court can disagree with a state court's credibility determination,' but disagreement alone is not enough. The federal court must conclude not only that the state court's

determination was wrong, but that it was *unreasonable* in light of the evidence presented, that is, it is not 'debatable among jurists of reason." *Id.* at 368 (quoting *Miller–El v. Cockrelll,* 537 U.S. 322, 336, 340 (2003)).   Since this court does not find that the state court's credibility determinations were not unreasonable, overturning its determinations in this case would directly oppose this mandate.

In response to Petitioner's argument that the Report failed to specifically address portions of his claim under Ground 5 of his § 2254 petition, (ECF No. 43 at 5), this court notes that the Report implicitly acknowledges Petitioner's proffered evidence in its review and ultimate determination that he "failed to point to sufficient evidence" to overcome the deference to which PCR court findings are entitled.  (ECF No. 41 at 28.)  And as for Petitioner's further argument that the Report was incorrect to state that Ground Four and Ground Six concern the same underlying claim, (ECF No. 43 at 5), this court concludes that both grounds do, in fact, center on the trial counsel's failure to object to false testimony by the same witness.  For the purposes of this petition, regardless of the distinctions one might make between the Grounds, the Magistrate Judge aptly concluded that the state PCR court's conclusion under *Strickland* was reasonable given the trial counsel's stated reasons for not objecting.  (ECF No. 41 at 24–25.)

Further underscoring the inadequacy of these arguments, Petitioner fails to offer the "clear and convincing evidence" necessary under 28 U.S.C. § 2254(e)(1) to overcome the presumption of correctness of the state court's findings on collateral review.  Indeed, even with such evidence, it remains difficult for a federal court to establish that a state court's application of *Strickland* was unreasonable under § 2254(d); when both *Strickland* and § 2254(d) apply, as in this case, federal review is "doubly" deferential.  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

*2. Procedural Bar*

Petitioner's final objection challenges the Report's conclusion that *Marlar v. State*, 375 S.C. 407 (S.C. 2007) procedurally bars Grounds One, Two, Three, and Eight—all constitutional claims—of his habeas petition. (ECF No. 43 at 7.) As part of this objection, Petitioner appears to intimate that he should not be penalized for not filing the necessary motion to preserve constitutional claims on appeal because he was precluded from filing such a motion on his own. (*Id.* at 7–8.) ("The recognized prohibition against hybrid representation would've precluded [Petitioner]'s attempts to successfully file a request for a ruling pursuant to Rule 59(e), SCRP, because statelaw is clear that the state PCR Counsel is the one with the obligation to ensure that the request for a ruling . . . is filed."). Petitioner further points out that under *Marlar*, the state PCR counsel is obligated to file such a motion. (*Id.* at 8.)

Petitioner's claim is irrelevant—the failure to file the motion to preserve the issue for appeal results in those claims being procedurally barred under state law, regardless of why it was not filed. *Marlar*, 375 S.C. at 410 ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review."). For this federal court to be appropriate in ignoring a state procedural bar, Petitioner would need to demonstrate 1) cause for his failure to raise the claim in the state courts, and 2) actual prejudice resulting from the failure. *Smith v. Murray*, 477 U.S. 533; *see also Murray v. Carrier*, 477 U.S. 478, 492 (1986) (noting that the argument of the petitioner in that case was that it was "inappropriate to hold defendants to the error of their attorneys," but ultimately holding that "counsel's failure to raise a *particular* claim on appeal is to be scrutinized under the cause and prejudice standard when that failure is treated as a procedural default by the state courts") (emphasis in original). Alternatively, Petitioner

10

would have needed to demonstrate that this court's failure to consider the claims, regardless of their procedural bar, would result in a "fundamental miscarriage of justice." *Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[W]e are confident that victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard." (citing *Wainwright* 433 U.S. at 91)). Petitioner demonstrates neither cause and prejudice nor that a "fundamental miscarriage of justice" is risked by this court not considering his claims.

To the extent that Petitioner argues that his counsel was the cause for his procedural default, this claim also would fail. This is because Petitioner also would have needed to demonstrate in his Objection that his counsel's error in this regard constituted ineffective assistance of counsel under *Strickland*. *See Murray v. Carrier*, 477 U.S. 478, 479 (1986) ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim."). Because Petitioner does not demonstrate such, this court cannot ignore the procedural bar. The Magistrate Judge correctly concluded as much. (*See* ECF No. 41 at 15.)

Petitioner's next claim (4(b)) can be reduced to the argument that his habeas petition claims regarding prosecutorial misconduct (Grounds One, Two, and Three) are not procedurally defaulted due to the United States Supreme Court's ruling in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). (*See* ECF No. 43 at 8–10.) *Martinez* provides limited exceptions under which ineffective assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. Petitioner argues that *Martinez* "surely applies" to his habeas claims based

11

on prosecutor conduct and that "the procedural default doctrine will not bar this federal habeas court from hearing a substantive due process claim." (ECF No. 43 at 9.)  However, Petitioner is incorrect—*Martinez* is clear in its limited ruling of exceptions for overcoming a procedure default only to claims of ineffective assistance of counsel at trial. *Martinez*, 132 S. Ct. at 1315. Thus, Petitioner's argument fails; *Martinez* does not aid him in overcoming the fact that Grounds One, Two, and Three of his habeas claims are procedurally defaulted. That procedural default precludes this court from reviewing those claims.

Finally, contrary to Petitioner's last claim that the Magistrate Judge did not address his clarification in his Response in Opposition to Respondent's Motion for Summary Judgment (ECF No. 38) that the jury instruction was error because he was not indicted for "delivery," the Report does sufficiently address this issue. Specifically, the Report correctly makes clear that under S.C. Code Ann. §§44-53-110, to "distribute" includes to "deliver" and that any objection by his attorney to the jury instruction therefore would have lacked merit. (*See* ECF No. 41 at 18–19.)

## V. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 41). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 20) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, Petitioner has not met the legal standard for the issuance of a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 21, 2015
Columbia, South Carolina

13